UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                   Case No. 22-49571

YOLANDA L. DONALDSON,            Chapter 7

           Debtor.                         Judge Thomas J. Tucker

_____/

## ORDER DISMISSING CASE

On December 6, 2022, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. But the Debtor is not eligible to be a debtor in this case, under 11 U.S.C. § 109(g)(2), which provides:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–
> . . .
>      (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

The Debtor was a debtor in two cases that were pending within 180 days before filing this case: Case No. 20-51707, a Chapter 13 case which the Debtor voluntarily dismissed on November 16, 2022; and Case No. 22-48954, a Chapter 7 case that the Debtor filed on November 14, 2022, while Case No. 20-51707 was still pending, and which the Court dismissed on November 15, 2022.[1]

---

[1] This Court dismissed Case No. 22-48954 *sua sponte*, because the Debtor's Chapter 13 case was then still pending. This Court held that the Debtor could not have two bankruptcy cases pending at the same time. *See* Order Dismissing Case (Docket # 3 in Case No. 22-48954).

In the prior Chapter 13 case, Case No. 20-51707, the Debtor's voluntary dismissal occurred after a creditor filed a request for relief from the automatic stay. In that case, Credit Acceptance Corporation ("CAC"), the Chapter 13 Trustee, and the Debtor filed a stipulation to modify the automatic stay, and the Court entered an order upon the stipulation, modifying the stay as to CAC (the "Stay-Modification Order").[2] The Stay-Modification Order stated, in relevant part:

> IT IS FURTHER ORDERED that in the event the Creditor receives notice of cancellation of the insurance on the Vehicle or the Debtor fails to make the regular monthly payments, pursuant to this Order, Creditor shall serve the Debtor with a Notice of Default by serving a copy of same upon the Debtor and the Debtor's counsel, and if proof of insurance satisfactory to the Creditor is not received by the Creditor or the default in payments is not cured within 10 days, the Automatic Stay, pursuant to 11 U.S.C. §362, shall be vacated without further notice or hearing on the submission of a Certification of No Response and an Order;
>
> IT IS FURTHER ORDERED that in the event Creditor files a second Notice of Default due to either the Debtor's failure to make the regular monthly payments or if Creditor receives notice of the cancellation of the Debtor's vehicle insurance, the Automatic Stay, pursuant to 11 U.S.C. §362, shall be vacated without further Order or proceeding before the Court on the submission of a Notice of Non- Compliance.[3]

On July 26, 2022, CAC filed a Notice of Default.[4] On August 22, 2022, CAC filed a Certification of Non-Response, requesting stay relief, and the Court entered an order granting

---

[2] *See* Docket ## 33, 34 in Case No. 20-51707.

[3] Docket # 34 in Case No. 20-51707.

[4] Docket # 56 in Case No. 20-51707.

relief from the automatic stay as to CAC.[5] That Order "vacated" the automatic stay with respect to CAC's security interest in the Debtor's 2015 Jeep Cherokee vehicle.[6]

On November 16, 2022, the Debtor filed a motion to voluntarily dismiss Case No. 20-51707, and the Court entered an order of dismissal.[7]

The Court reiterates what it has held about § 109(g)(2) in numerous prior cases, including the case of *In re Turner*, 583 B.R. 910, 911 (Bankr. E.D. Mich. 2018):

> The Court agrees with the cases holding that (1) dismissal under § 109(g)(2) is mandatory when that statute applies; dismissal is not discretionary; and (2) it is irrelevant under § 109(g)(2) whether there is some causal link or nexus between the filing of a stay relief motion on the one hand, and the debtor's later voluntary dismissal of the case on the other hand. Section 109(g)(2) applies, and requires dismissal, in every situation in which, in a prior case pending within 180 days before the filing of the present case, a creditor filed a motion for relief from stay and the debtor later voluntarily dismissed the case, regardless of the debtor's good faith or whether there was any particular connection between the two events. *See Andersson v. Security Federal Savings and Loan of Cleveland (In re Andersson*), 209 B.R. [76-78 (B.A.P. 6th Cir.] 1997), and cases cited therein. The undersigned judge has so ruled in previous bench opinions, and adheres to that ruling now. *See, e.g., In re Sigh*, Case No. 09-62738, November 19, 2009 bench opinion at 5-6 (a copy of the transcript of that bench opinion, . . . is filed in the *Sigh* case at Docket # 42 . . .).
>
> *See also In re Steele*, 319 B.R. 518, 520 (Bankr. E.D. Mich. 2005) (McIvor, J.).

*Id.* (citation omitted); *see also In re Galloway*, 638 B.R. 871 (Bankr. E.D.Mich. 2022) (same); *In re Boston*, 636 B.R. 483 (Bankr. E.D. Mich. 2022) (same); *In re Holloway*, 635 B.R. 149 (Bankr.

---

[5] Docket ## 59, 60 in Case No. 20-51707.

[6] Docket # 60 in Case No. 20-51707.

[7] Docket ## 64, 65 in Case No. 20-5107.

E.D. Mich. 2022) (same); *In re Baker*, 635 B.R. 147 (Bankr. E.D. Mich. 2022) (same); *In re Bussell*, 626 B.R. 891, 892-93 (Bankr. E.D. Mich. 2021) (same); *In re Payton*, 626 B.R. 886, 888 (Bankr. E.D. Mich. 2021) (same); *In re Stachurski*, 613 B.R. 251, 252 (Bankr. E.D. Mich. 2020) (same).

Based on the facts stated above, the Debtor is not eligible to be a debtor in any bankruptcy case filed within 180 days after November 16, 2022, and therefore is not eligible to file any bankruptcy case until on or after May 16, 2023. As a result, this case, which was filed December 6, 2022, must be dismissed.

Accordingly,

IT IS ORDERED that this bankruptcy case is dismissed.

**Signed on December 16, 2022**

/s/ **Thomas J. Tucker**
**Thomas J. Tucker**
**United States Bankruptcy Judge**